## POTTER v. SELWYN & CO.

### (Circuit Court, S. D. New York. April 30, 1909.)

Courts (§ 508*)—Federal and State Courts—Priority of Jurisdiction—Injunction by Federal Court to Restrain Proceedings in State Court.

A federal court cannot grant an injunction to restrain proceedings in a state court, unless necessary for the exercise of its own jurisdiction, previously obtained.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1118-1430; Dec. Dig. § 508.*

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

In Equity. On application for injunction.

Louis Stechler, for complainant.
Dittenhoefer, Gerber & James, for defendant.

NOYES, Circuit Judge. The case presented upon the briefs and arguments is quite a different one from that shown in the pleadings. The action is described in the briefs as a suit for a general accounting

between the parties, and as necessarily involving the determination of their rights and obligations under certain contracts relating to the plays called "The Queen of the Moulin Rouge," "The Girl from Rectors'," "The Honor of the Family," and others. But the only prayer for relief in the bill of complaint, relating in any way to an accounting, is as follows:

"That the defendants may be compelled under the direction of this court to account and pay over to your orator all royalties for the use heretofore of the said play, and that your orator may have judgment of such sum as may, upon such accounting, be found to be due to him from the said defendants."

The phrase "said play," in this prayer, evidently refers to the play there last mentioned, "The Queen of the Moulin Rouge." But, even if it be so broadly construed as to refer to all the plays mentioned in the bill, a mere accounting for the royalties due from the defendants to the plaintiff as prayed for in the bill does not involve the subject-matter of the action in the Municipal Court which the plaintiff seeks to restrain. In that action the present defendants sue the plaintiff for moneys retained in violation of a contract assigning royalties from the play "The Honor of the Family." But the amount which the plaintiff retains under this particular contract is not necessarily connected with nor dependent upon the amount which the defendants owe the plaintiff for royalties under other contracts. The plaintiff in his prayer demands only a one-sided and limited accounting. The prosecution of the action in the state court cannot impede his obtaining in this court all the relief which he prays for.

But the power of this court to enjoin proceedings in state courts exists only when it is necessary for the exercise of jurisdiction previously obtained. Assuming, then, but not deciding, that, if the bill prayed for a mutual and general accounting, this court would have the right to enjoin the proceedings in the Municipal Court, it is sufficient to say that no case is presented calling for the exercise of such power.

The application for an injunction restraining the proceedings in the Municipal Court is denied. An order may be entered accordingly.